C. A. SHIMERDA, Appellee, v. STATE HIGHWAY COMMISSION, Appellant.

No. 40035.

APRIL 14, 1930.

*John Fletcher,* Attorney-general, *Gerald O. Blake,* Assistant Attorney-general, and *J. R. Murphy,* for appellant.

*Snell Bros.* and *Campbell & Campbell,* for appellee.

STEVENS, J.—Appellee is the owner of a farm in Ida County, comprising 373 acres. The Maple River traverses one 40 in a southwesterly direction, and crosses the corner of another. The farm is used for cultivation, stock raising, and stock feeding,— particularly the latter. The proposed new highway passes from the northeast to the southwest diagonally across two 40-acre tracts, and crosses another 40 very close to the northwest corner

thereof. For slightly more than one half of the distance, the strip condemned is 200 feet in width, and for the remainder of the distance, 120 feet. The road passes near the residence and feed lots located upon the farm. There is also a stream on the premises, known as Moorehead Creek. As we understand the plats offered in evidence, this creek enters but one 40-acre tract, and flows into the Maple River from the northwest. Appellee testified that he feeds from 150 to 300 head of cattle and from 300 to 600 hogs on the farm annually. The highway cuts off some pasture land lying on the east side thereof. A cattle pass 5 feet by 6 feet 6 inches is constructed through the grade, a short distance east of the feed lots. Large barrow pits were dug at places on the farm, and at one point the elevation of the grade above the bottom of the barrow pit is slightly over 18 feet.

It is strenuously contended by appellee that the cattle pass is inadequate, and not practicable for the use of cattle while being fed for the market. The area of the tract taken is 12.87 acres. The farm is described by some of the witnesses as having a slight incline toward the southeast. The land is, however, rather flat, and some of it is subject to overflow from the creek, although not in such quantities as to destroy crops.

Considerable emphasis is placed by appellee upon alleged injury to the farm's drainage. The cattle pass was designed to operate also as an outlet for surface waters accumulating on adjacent land on the west and northwest of the highway. Another objection urged to the cattle pass is that the floor thereof on one side of the road is considerably higher than the land adjacent. It should be noted that the cattle pass was placed at the location desired by appellee.

The sole question involved is that of compensation. The commissioners awarded appellee $6,343.16, and the jury, $11,755. The value placed upon the land by appellee's witnesses was from $200 to $215 per acre, the latter being his own estimate. The value fixed by the majority was $200 per acre. The value of the land fixed by the same witnesses immediately after the condemnation was from $140 to $150 per acre. Witnesses testifying in behalf of appellant estimated the value of land before the condemnation at from $150 to $200 per acre, and immediately thereafter, at from $140 to $180 per acre. One witness for appellant estimated the value of the land to be about $200 per acre before

condemnation, and after condemnation, as $180 per acre. This was higher than the estimate of the other witnesses for appellant. If we translate these estimates into dollars and cents, the highest estimate of damages by any witness for appellee was $29,700, and the lowest, $20,550. The highest estimate of damages by any witness for appellant was $9,780.

From the foregoing statement, it will thus be seen that the highest estimate of any witness testifying in behalf of appellant exceeds the amount of damages awarded by the commissioners more than $3,000, and that it is approximately but $2,000 less than the amount of the jury's verdict. The verdict is approximately $18,000 below the highest estimate of appellee's witnesses, and approximately $9,000 below the lowest estimate made by appellee's witnesses. The jury may have been influenced to a considerable extent by the testimony relating to the effect of the highway on the drainage of the land. In addition to the cattle pass, two small culverts were constructed through the embankment in the 40 south of the one on which the improvements are located. These, it is contended, are inadequate.

Many details of the evidence material for the consideration of the jury have not been referred to in this opinion. We have made a careful analysis of the record, and cannot say, in the light of all the facts therein stated, that the verdict, even if excessive, is sufficiently so to justify us in holding that it was the result, on the part of the jury, of passion and prejudice. Further discussion of the record would be without profit. The verdict will be permitted to stand.—*Affirmed*.

MORLING, C. J., and ALBERT, DE GRAFF, and WAGNER, JJ., concur.